UNITED STATES of America,
Plaintiff-Appellee,

v.

Burl Eugene CAUSEY,
Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Burl Eugene CAUSEY and Burl Eugene
Causey, Jr., Defendants-Appellants.

Nos. 79–5149, 79–5150
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 9, 1980.

Rehearing Denied Feb. 20, 1980.

Horace T. Clary, Rome, Ga., for defendants-appellants.

C. Michael Abbott, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before BROWN, TJOFLAT and FRANK M. JOHNSON, Jr., Circuit Judges.

PER CURIAM:

In these consolidated appeals from multiple convictions for federal firearms violations, the appellants cite numerous errors they contend require reversal. All but one of the claims of error are without merit; only two of the claims merit any discussion.

When the trial commenced, the witness sequestration rule, Fed.R.Evid. 615,[1] was invoked, and the prosecutor requested the trial judge to allow two special agents of the Bureau of Alcohol, Tobacco and Firearms, William Williams and Charles Baylor, to remain in the courtroom because both were "case agents." *See* Fed.R.Evid. 615(2). The defense objected to the presence of *two* agents, and asked that agent Baylor, who was to testify, be excluded. The prosecutor responded by indicating that Baylor would be the Government's second witness, following a witness who would merely identify some tape recordings, and that no undue prejudice would be worked. Baylor was permitted to stay; he testified at length as the second witness and very briefly on two subsequent occasions in the government's case-in-chief and on rebuttal.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

1. Rule 615 provides:
    At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of his cause.

The Government did not undertake to establish that agent Baylor should have been excepted from the sequestration rule as "a person whose presence is shown by a party to be essential to the presentation of his cause," Fed.R.Evid. 615(3), and from its language it would reasonably be argued that the rule does not grant counsel for a party the right to designate more than one representative of the party to be present during the proceedings. Fed.R.Evid. 615(2). We need not decide this matter, however, because appellants have not shown how Baylor's presence prejudiced their case. A bald allegation that prejudice ensued is not enough. *See United States v. Bobo*, 586 F.2d 355, 366 (5th Cir. 1978), *cert. denied*, 440 U.S. 976, 99 S.Ct. 1546, 59 L.Ed.2d 795 (1979); *United States v. Warren*, 578 F.2d 1058, 1076 (5th Cir. 1978) (en banc).

■ The Government confesses error in having indicted Burl Eugene Causey in two counts for the simultaneous possession of firearms in violation of 18 U.S.C.App. § 1202 (1976). Simultaneous possession constitutes only one offense under that section, *United States v. Smith*, 591 F.2d 1105, 1107 (5th Cir. 1979); *United States v. Rosenbarger*, 536 F.2d 715, 721 (6th Cir. 1976), *cert. denied*, 431 U.S. 965, 97 S.Ct. 2920, 53 L.Ed.2d 1060 (1977). The counts involved are count 8 in No. 79–5150, and count 1 in No. 79–5149. Though the sentences imposed were concurrent, we think the dismissal of the latter count (the indictment in No. 79–5150 came down earlier) is in order and direct the district court to do so.

The judgments in Case No. 79–5150 are AFFIRMED; the judgment in Case No. 79–5149 is REVERSED.