UNITED STATES of America, Plaintiff–Appellee,

v.

James BERRY, Jr., Defendant–Appellant.

No. 92–4123

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Nov. 5, 1992.

Douglas M. Barlow, court-appointed, Beaumont, Tex., for defendant-appellant.

D.R. Smith, Asst. U.S. Atty., Bob Wortham, U.S. Atty., Beaumont, Tex., for plaintiff-appellee.

Before POLITZ, Chief Judge, GARWOOD and SMITH, Circuit Judges.

POLITZ, Chief Judge:

James Berry, Jr., a convicted felon, was convicted and sentenced for three counts of unlawful possession of a firearm by a felon, one count of similar possession of ammunition, and one count of carrying a firearm in relation to a drug-trafficking crime. Concluding that the convictions and sentences imposed on the firearm/ammunition counts violate double jeopardy standards, we vacate same and remand for resentencing thereon. The drug-related count is unaffected.

### Background

Berry, a convicted felon,[1] occupied an apartment in Jonathan's Inn Motel in Groves, Texas which was searched pursuant to a valid search warrant. The search yielded two .38 caliber handguns (one found in Berry's jacket, the other in his car) with ammunition, a Marlin 30/30 for which Berry apparently did not possess ammunition, and a photograph of Berry holding two of the weapons. In addition to the weapon charges, Berry was convicted for possessing a handgun during the com-

---

1. Berry previously was convicted of theft in Texas state court.

mission of a drug-trafficking offense. Testimony at trial reflected that 16 "rocks" of cocaine were found in the pocket of a pair of Berry's pants. Berry timely appealed, complaining of the district court's failure to hold a hearing to determine whether his confession was given voluntarily, and of his multiple convictions and sentences on the possession charges.

## Analysis

### 1. Voluntariness of confession

 Berry challenges the admission of his spontaneous confession of ownership of the weapons and drugs because there was no hearing held to determine that the confession was voluntary. Although Berry had the right to such a hearing in the trial court,[2] he cannot advance that right in a vacuum as the basis for reversible error. Before that issue may be raised on appeal there must have been a timely and coherent objection at trial.[3] It must appear from the objection that a *Jackson v. Denno* [4] hearing was being requested. As is ordinarily the case with trial errors, an objection which fails to present the trial court with a sufficient basis to identify and correct the purported infirmity will not preserve error for appeal.[5] In such cases only plain error, defined as error which would affect the fairness, integrity, or public reputation of the judiciary were it left uncorrected,[6] will warrant relief on appeal. Berry cannot establish, indeed he has not even alleged, that such an error has occurred herein.

In the instant case defense counsel made what was essentially a generic objection to the confession. This was not sufficient to put the court on notice that Berry complained of the admission of the confession without the benefit of a hearing. We find no plain error; this first assignment of error is without merit.

### 2. Multiple convictions and sentencing

The claimed error in the multiple convictions and resentencing on the weapons charges poses a different matter. The relevant statute, 18 U.S.C. § 922(g) provides that it is "unlawful for any person ... who has been convicted in any court, of a crime punishable by imprisonment for a term exceeding one year ... to possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." Berry's conviction was premised on one episode of possession of firearms and ammunition but he was convicted and sentenced separately for each weapon and the ammunition possessed. This raises serious questions of double jeopardy.

 At the threshold we briefly scan the parameters of the fifth amendment's proscription of successive jeopardy. As the Supreme Court recently explained,[7] the double jeopardy clause serves three interests, protecting against: (1) prosecution of the same offense after acquittal; (2) prosecution of the same offense after conviction; and (3) multiple punishments for the same offense. The guarantee is implicated in two distinct contexts, depending on whether the defendant previously has been prosecuted. When the defendant questions a

---

**2.** 18 U.S.C. § 3501.

**3.** *United States v. Espinoza–Seanez,* 862 F.2d 526, 535 (5th Cir.1988) ("it [must] be made sufficiently clear to the court that a ... hearing is being requested").

**4.** The initial conclusive recognition of the right was in *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

**5.** *See* Fed.R.Evid. 103(a)(1) ("Error may *not* be predicated upon a ruling which admits ... evidence unless ... a timely objection or motion to strike appears of record, *stating the specific*

*ground of the objection,* if the specific ground was not apparent from the context.") (emphasis supplied); *Wigmore on Evidence* § 18, at 818 (Tillers Rev.1983) ("The cardinal principle (no sooner by courts repeated than ignored by counsel) is that a general objection, if overruled, cannot avail the objector on appeal."); *Weinstein's Evidence* ¶ 103[02], at 103–28 (1992); 1 *McCormick on Evidence* § 52, at 204–05 (Strong ed. 1992).

**6.** *United States v. Goldfaden,* 959 F.2d 1324 (5th Cir.1992).

**7.** *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990).

subsequent prosecution, the inquiry focuses on the proof required in the second proceeding—a second prosecution is constitutionally barred if the offenses have identical statutory elements, one is the lesser included offense of the other,[8] or if the government must prove conduct in the subsequent prosecution that constitutes an offense for which the defendant has already been prosecuted.[9] But where, as here, the challenge arises from a single prosecution, the question is whether multiple punishments are authorized despite the commonality of the elements of proof.[10] In this context the *Blockburger* analysis is "simply a rule of statutory construction, a guide to determine whether the legislature intended multiple punishments."[11]

■ We first consider the conviction under 18 U.S.C. § 924(c), use or carrying of a firearm during a drug-trafficking offense. This offense involves an element distinct from any other offense charged, drug trafficking, and does not require proof of a prior felony conviction. This obviously is a crime Congress treated as separate and apart from the threat posed by a felon in possession of a firearm.[12] Congress, therefore, has clearly expressed its will and defined both events as separate units of prosecution despite their close relation.[13] Berry's conviction and the five year sentence mandated by section 924(c) are therefore appropriate and are affirmed.[14]

■ Berry's multiple convictions and sentences for violation of 18 U.S.C. § 922(g)(1), however, are not so readily dispatched. Berry was convicted for possession of the guns only, there was no allegation or proof of other elements such as a separate act of transportation in interstate commerce,[15] that the guns were procured by misrepresentation,[16] that Berry was illegally in the country,[17] or that one of the weapons was illegally altered.[18] The evil Congress sought to suppress by section 922 was the arming of felons; the section is based on the status of the offender and not the number of guns possessed.[19] For the same reasons, we cannot conclude that Congress intended the simultaneous possession of ammunition to stand as a distinct unit of prosecution.[20]

8. *Illinois v. Vitale*, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980).

9. *Grady v. Corbin*. For a more extensive treatment of this and other closely related aspects of double jeopardy see our recent decision in *United States v. DeShaw*, 974 F.2d 667 (5th Cir. 1992).

10. *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

11. *Grady v. Corbin*, 495 U.S. at 517, 110 S.Ct. at 2091 (internal quotations omitted).

12. As further evidence of congressional intention to apply the section in conjunction with other substantive offenses, we note that the section itself declares that the punishment imposed shall be "in addition to the punishment imposed for such crime of violence ..." 18 U.S.C. § 924(c).

13. *Cf. Bell v. United States*, 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905 (1955) (purported multiple violations of the Mann Act).

14. *Cf. United States v. Allison*, 953 F.2d 870, 875 (5th Cir.1992) (felon in possession and use of firearm in commission of a felony).

15. *E.g., United States v. Musgrove*, 581 F.2d 406 (4th Cir.1978) (allowing multiple punishments in such circumstances).

16. *E.g., United States v. Goodheim*, 686 F.2d 776 (9th Cir.1982); *United States v. Gomez*, 603 F.2d 147 (10th Cir.), *cert. denied*, 444 U.S. 969, 100 S.Ct. 460, 62 L.Ed.2d 382 (1979) (allowing multiple punishments).

17. *United States v. Munoz–Romo*, 947 F.2d 170 (5th Cir.1991), *vacated*, —— U.S. ——, 113 S.Ct. 30, 121 L.Ed.2d 4 (1992).

18. *United States v. Parker*, 960 F.2d 498 (5th Cir.1992).

19. *Barrett v. United States*, 423 U.S. 212, 218, 96 S.Ct. 498, 502, 46 L.Ed.2d 450 (1976) (principal purpose was to keep firearms away from "persons Congress classified as potentially irresponsible and dangerous"); *United States v. Szalkiewicz*, 944 F.2d 653 (9th Cir.1991); *United States v. Causey*, 609 F.2d 777 (5th Cir.1980); *United States v. Smith*, 591 F.2d 1105 (5th Cir. 1979). *See also United States v. Rosenbarger*, 536 F.2d 715 (6th Cir.1976), *cert. denied*, 431 U.S. 965, 97 S.Ct. 2920, 53 L.Ed.2d 1060 (1977); *United States v. Kinsley*, 518 F.2d 665 (8th Cir. 1975).

20. *United States v. Throneburg*, 921 F.2d 654 (6th Cir.1990); *United States v. Evans*, 854 F.2d

In such an instance, the government may charge and try a defendant for multiple offenses, but there may not be simultaneous convictions and sentences for "should the jury return guilty verdicts for each count, ... the district judge should enter judgment on only one of the statutory offenses."[21]

If in doubt of its ability to prove possession of any of the weapons involved, the government properly could have sought to prove possession of all. Moreover, had the government evidence that Berry obtained the guns at different times or stored them in separate places, then it could have sought to prove that.[22] But simultaneous convictions and sentences for the same criminal act violates the double jeopardy clause. We perforce must vacate those sentences, as we explained in *United States v. Lemons.*[23]

■■■■■■■ The government maintains that because the sentences are to run concurrently Berry's failure to object to the indictment bars his objection to the multiple convictions. The government misperceives our precedents. We apply a rule which allows the criminal defendant to complain of non-concurrent multiple sentences on appeal despite a failure to complain of the multiple indictments.[24] A sentence is not concurrent where, as here, mandatory special assessments are separately imposed on each conviction.[25] In any event, Berry's convictions could not be affirmed even if his sentences are deemed to run concurrently because, as the Supreme Court made clear and detailed in *Ball*, "the separate conviction apart from the concurrent sentence, has potential adverse consequences."

■■ Finally, the government claims that the issue of the multiplicity of the sentences is more properly presented in a collateral proceeding. We do not agree. When the only question raised is the legal question of multiplicity, the more efficient route of addressing the question is on direct appeal.[26]

### Conclusion

Berry's failure to object at trial precludes plenary review of the district court's failure to hold a hearing to determine if his confession was voluntary. We find no plain error in the court's failure to hold a hearing outside the presence of the jury. The multiple convictions and sentences for a single offense, on the other hand, are unconstitutional. On remand the government must select the conviction upon which it will seek sentencing for the possession by a felon charges. The others must be dismissed.

The conviction and sentence on the possession of a weapon in relation to a drug-trafficking offense is AFFIRMED; the convictions and sentences on the possession of a weapon and ammunition by a felon charges are VACATED and the matter is REMANDED for further proceedings consistent herewith.

■■■■■■■■

56 (5th Cir.1988); *United States v. Pelusio,* 725 F.2d 161 (2d Cir.1983); *United States v. Oliver,* 683 F.2d 224 (7th Cir.1982).

**21.** *Ball v. United States,* 470 U.S. 856, 865, 105 S.Ct. 1668, 1673, 84 L.Ed.2d 740, 748 (1985).

**22.** *United States v. Hodges,* 628 F.2d 350 (5th Cir.1980).

**23.** 941 F.2d 309, 318 (5th Cir.1991) (proper procedure is to vacate and remand for the government to dismiss the duplicitous convictions, not to retry the case).

**24.** *United States v. Cauble,* 706 F.2d 1322 (5th Cir.1983), *cert. denied,* 465 U.S. 1005, 104 S.Ct. 996, 79 L.Ed.2d 229 (1984). *See also Causey v. United States,* 609 F.2d at 778.

**25.** *Ray v. United States,* 481 U.S. 736, 107 S.Ct. 2093, 95 L.Ed.2d 693 (1979).

**26.** *E.g., United States v. Galvan,* 949 F.2d 777 (5th Cir.1991); *United States v. Munoz–Romo,* 947 F.2d 170 (5th Cir.1991), *vacated,* — U.S. ——, 113 S.Ct. 30, 121 L.Ed.2d 4 (1992).