**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 99-21137

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

ANTONIO HERNANDEZ-SALGADO, also known as Antonio Hernandez,
also known as Antonio S Hernandez, also known as Toni Hernandez,
also known as Antonio Salgado-Hernandez, also known as Antonio
Hernandez-Salgado, also known as Antonio H,

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Texas
November 7, 2000

Before DUHÉ and PARKER, Circuit Judges, and FOLSOM[1], District
Judge.

PER CURIAM:[2]

Appellant, Antonio Hernandez-Salgado ("Hernandez") was
convicted on his guilty plea of illegal re-entry into the United
States, 8 U.S.C. § 1326(a)(b)(2); possession of a firearm by a
convicted felon, 18 U.S.C. § 922(g)(1) & 924 (a)(2); and possession

---

[1] District Judge of the Eastern District of Texas, sitting by
designation.

[2] Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of a firearm by an illegal alien, 18 U.S.C. §§ 922(g)(5) & 924 (a)(2).  He appeals his sentence contending that the District Court erred by enhancing his sentence for possessing a firearm in connection with a drug offense.  We determine that this issue was not properly preserved so we review only for clear error.  We find no clear error and affirm.

FACTS AND PROCEDURAL HISTORY

Hernandez was deported after serving a state prison term for possession of cocaine.  He illegally re-entered the United States and police officers observed him handling an apparent cocaine wafer he had removed from his vehicle.  The officers followed Hernandez, but when they attempted to make a traffic stop, he drove off at a high rate of speed to a local residence.  Johnny Andrade ("Andrade"), a passenger in the vehicle, fled inside the residence. There is no indication whether Hernandez went inside. Both Hernandez and Andrade were arrested quickly, and Cynthia Andrade (Andrade's sister) gave permission to search the residence.  This search yielded 22.81 grams of cocaine base "on the side of a stereo on the top shelf of a wall unit," and two handguns underneath a mattress in a room occupied by Andrade.  Hernandez and Andrade were each found to be carrying less than one gram of cocaine.

Cynthia Andrade told police Hernandez had been staying at the residence for several weeks, and that the cocaine base belonged to him.  Andrade said Hernandez had brought one handgun into the home and placed it on the top shelf in the living room; Andrade removed

it, placing it underneath his mattress to hide it from children living in the home, and when Hernandez brought a second handgun to the residence, he was told to place it under this same mattress. Cynthia Andrade confirmed Hernandez had brought the guns into the home.

Hernandez was convicted of drug possession and sentenced under Texas law to one year in prison. After his release, he was taken into federal custody and charged with illegal re-entry after deportation, possession of a firearm by a convicted felon, and possession of a firearm by an illegal alien. He pleaded guilty to all counts without a plea agreement.

Hernandez accepted responsibility for these crimes with a statement which admits the firearms were his: "[the police] did a search of the house where I was staying ... [t]hey found two guns ... [a]t the time I had the guns, I did not have permission to be in the United States ...." However, in objections to the Pre-Sentence Report ("PSR"), Hernandez denied the cocaine base found inside the residence belonged to him, and made no admission of drug possession in his acceptance of responsibility statement.

In determining sentence, the court applied U.S.S.G. § 2K2.1(c)(1) and its cross-reference provisions. Section 2K2.1(c) directs the calculation of a separate offense level using other sentencing guidelines if a firearm is "used or possessed ... in connection with the commission or attempted commission of another offense, or possessed ... with knowledge or intent that it would be

3

used or possessed in connection with another offense...." §
2K2.1(c)(1). Section 2K2.1(c)(1)(A) directs the application of §
2X1.1 (Attempt, Solicitation, or Conspiracy), which defines its
base offense level as the base offense level from the guideline for
the substantive offense, plus adjustments for any intended offense
conduct that can be established with reasonable certainty. The
court then referred to § 2D2.1 (Unlawful Possession), which directs
the application of § 2D1.1 instead if the offense involved more
than five grams of cocaine base. Section 2D1.1(c) provides a base
offense level of twenty-eight for possession of twenty to thirty-
five grams of cocaine base. Two additional levels were added for
possession of a dangerous weapon, pursuant to § 2D1.1(b)(1), which
resulted in a total adjusted offense level of thirty. Since the
offense level calculated under § 2K2.1(c) and the cross-references
(thirty) was higher than the offense level calculated under the
provisions of § 2K2.1 (eighteen), the court utilized the higher
offense level.

The court then applied other adjustments, resulting in a total
offense level of twenty-eight. Hernandez' criminal history score
was calculated as five, resulting in a criminal history category of
III. A total offense level of twenty-eight and criminal history
category of III resulted in a sentencing range of 97 to 121 months
imprisonment.

Hernandez objected to the cross-reference to U.S.S.G. § 2D1.1
and the finding that he is subject to a base offense level of 28 on

4

Counts 2 and 3. He argued that he did not possess the 22.81 grams of cocaine base found in the house and that his state conviction was for possession of the less than one gram found on his person, and therefore the PSR incorrectly calculated his offense level under § 2D1.1(c).[3]

The court granted a motion for a downward departure of one year, based on time served on a state drug possession charge stemming from this incident.

Hernandez was sentenced to concurrent sentences of eighty-five months, followed by concurrent three year terms of supervised release (assuming he was not deported upon release), along with a $500 fine.

## DISCUSSION

Hernandez raises a single issue on appeal: whether the district court erred by enhancing his sentence under § 2K2.1(c) for using or possessing a firearm in connection with the commission or attempted commission of possession of cocaine base. Hernandez argues the PSR, as adopted by the trial court, does not show by a preponderance of the evidence a physical and functional proximity

---

[3] Hernandez argued the district court should consider only the less than one gram of cocaine found on his person, and if it did so, the base offense level under § 2D1.1(c)(12) would be only 16. However, Hernandez apparently failed to recognize that the referral to § 2D1.1 is directed by § 2D2.1, and applies only if the defendant possessed more than five grams of cocaine base. § 2D2.1(b)(1). Thus, if the district court had considered only the less than one gram found on his person, the proper base offense level would have been eight, based on § 2D2.1(a)(1).

of the firearms to the drugs as required by § 2K2.1(c).

The district court's application of sentencing guidelines is reviewed de novo, and its factual findings are reviewed for clear error. United States v. Mitchell, 166 F.3d 748, 751 (5th Cir. 1999). The court's determination of the relationship between a firearm and another offense under § 2K2.1(c) is a factual finding subject to review for clear error. Id. at 754 n. 24.

However, the Government suggests Hernandez did not raise his argument in the trial court, and the objections he did raise argued only that the cocaine base found in the house did not belong to him. Parties are required to challenge errors in the district court; failure to do so usually results in plain error review. See, e.g., United States v. Duncan, 191 F.3d 569, 575 (5th Cir. 1999). We have often stated that questions of fact which could have been resolved by the district court at sentencing may never constitute plain error. See, e.g., United States v. Arce, 118 F.3d 335, 344 n.8 (5th Cir. 1997).[4]

Hernandez argues he did raise this issue in his objections to the PSR, particularly when he objected "to the cross-reference to U.S.S.G. § [2]D1.1 and the finding that he is subject to a base

---

[4]S However, the court previously noted (but did not resolve) a possible conflict among its previous decisions over the application of plain error review to factual questions. See United States v. Rodriquez, 15 F.3d 408, 416 n.10 (5th Cir. 1994) The court in Rodriquez suggested a blanket rejection of all fact questions might conflict with the Supreme Court's decision in United States v. Olano, 507 U.S. 725 (1993).

offense level of 28 on Counts 2 and 3." Hernandez also states he argued below "that the facts as presented in the PSR did not demonstrate the required nexus between the firearms and drugs." However he provides no citation to the record to support his argument and our review of the record reveals none. In the alternative, Hernandez argues that the error was plain because his "objection to the PSR was made on a related ground and thus is obvious from the record." He suggests that to evaluate his objection to the amount of cocaine base, the court was required to make an either explicit or implicit finding that the firearms were used or possessed in connection with the cocaine base, which it should not have done based on the PSR. Finally, Hernandez argues his objection that he did not possess the cocaine base found inside the house "alerted the district court to the issue that he then could not have possessed a firearm in connection with that cocaine."

Generally, the objection must sufficiently alert the district court to the nature of the objection and allow that court to correct the perceived error. See, e.g., United States v. Ocana, 204 F.3d 585, 589 (5th Cir. 2000)(objection notifying court of grounds and giving opportunity to correct was sufficient); United States v. Burton, 126 F.3d 666, 671 (5th Cir. 1997)(requiring sufficient specificity in objection so testimony and argument may be received and the court may rule); United States v. Krout, 66 F.3d 1420, 1434 (5th Cir. 1995)(imprecise objection offering "no

particular legal basis" insufficient); <u>United States v. Berry</u>, 977 F.2d 915, 918 (5th Cir. 1992)(a "generic objection .... was not sufficient to put the court on notice"); <u>United States v. Lopez</u>, 923 F.2d 47, 50 (5th Cir. 1991)(defendant must "make and factually develop in the district court all arguments concerning application of the guidelines he believed might persuade the judge to alter the sentence he now challenges"); <u>United States v. Jimenez Lopez</u>, 873 F.2d 769, 773 (5th Cir. 1989)("loosely formulated and imprecise objection will not preserve error").

Appellant's objections do not meet the test. His strongest argument relates to his written objection "to the cross-reference to U.S.S.G. § [2]D1.1 and the finding that he is subject to a base offense level of 28 on Counts 2 and 3." While Hernandez argues this refers to the application of § 2K2.1(c) and a finding of proximity between the firearms and drugs, the remainder of this objection simply argued the drugs found inside the house were not his, and mentioned firearms only to suggest that with a two level increase for possession of firearms, the total offense level should be eighteen. In addition, during the sentencing hearing, Hernandez' counsel never discussed proximity between the firearms and drugs, and when discussing this particular objection with the court only inquired into the finding regarding the amount of drugs.

This objection may also be interpreted as an objection to the cross-reference from § 2D2.1 to § 2D1.1. The PSR applied the cross-reference from § 2K2.1 to § 2X1.1, and from there to § 2D2.1;

8

however, § 2D2.1 sends the calculation to § 2D1.1 if the amount of cocaine base involved is greater than 5 grams. That is precisely what the remainder of this objection discussed: the amount of cocaine that should be attributable to Hernandez. Thus, the objection may be read as an objection to the cross-reference from § 2D2.1 to § 2D1.1 and its higher offense levels.

Hernandez also suggests his appellate argument is made "on a related ground" to objections made below, or that this argument was implicit in arguments raised below. He argues that to reach his claim that the drugs were not his, the court was required to make an implicit or explicit finding of proximity between the firearms and the drugs. We understand this as an argument that by objecting to one element required under § 2K2.1(c) (the existence of "another offense," the possession of cocaine base), he was implicitly objecting to every element. While the district court did at least have to make an implied proximity finding before applying § 2K2.1(c), Hernandez did not clearly object, if he even objected at all.

Similar arguments have failed to persuade this court an objection was preserved. In United States v. Burton, for example defense counsel argued an objection which simply cited a specific Federal Rule of Evidence preserved the issue for appeal. See 126 F.3d at 672. We held that because there were four possible grounds for objection under that particular rule and counsel had not specified in the trial court which ground he was relying on, he

9

failed to preserve the objection for appellate review.  <u>Id.</u> at 673.

In the instant case, even if Hernandez' written objection had referred to § 2K2.1(c) specifically, there are three distinct elements to that section: (1) the use or possession of a firearm, (2) in connection with (3) the commission of another offense.  <u>See</u> § 2K2.1(c)(1).  However, the remainder of Hernandez' arguments to the trial court, both written and oral, only discuss the contention that the drugs were not his, thus challenging element three ("another offense") but not elements one or two.

We are unpersuaded that Hernandez preserved this issue, therefore plain error is the appropriate standard of review.

The relationship between a firearm and another offense under § 2K1.2(c) is a factual finding, and fact findings which could have been resolved at sentencing are not plain error.  <u>See</u> <u>Arce</u>, 118 F.3d 335, 344 n. 8 (5th Cir. 1997).  We therefore

AFFIRM.

10