United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 12, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-60249
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO D. FISHER,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:04-CR-110-ALL
--------------------

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Antonio D. Fisher appeals his conviction of distribution of more than 50 grams of cocaine base, for which he was sentenced to 168 months of imprisonment. He argues that the district court erroneously admitted certain testimony and evidence. He also argues that the district court's cumulative errors require reversal. Fisher did not object to the admission of any of the disputed testimony or evidence at trial. Accordingly, we review

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his claims for plain error. <u>United States v. Berry</u>, 977 F.2d 915, 918 (5th Cir. 1992).

First, Fisher argues that his statement regarding his address, which linked him to the cell phone to which the drug deal-related calls were placed, did not fit within the routine booking question exception to <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966), and that the district court erred by not holding a hearing outside of the presence of the jury to determine the admissibility of the statement. The record contains no evidence concerning when, or under what circumstances, Fisher provided agents with his address. His argument that the routine booking exception does not apply is speculative, since the exception in fact covers a person's address. Accordingly, he has not shown that the district court plainly erred by admitting testimony related to his address. <u>See</u> <u>United States v. Calverley</u>, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).

Fisher also argues that the district court erred by allowing Agent Edwards to testify to hearsay evidence in violation of the Confrontation Clause. Any error in the admission of Agent Edwards's testimony was harmless because the declarant subsequently testified to the same statements and was subject to cross-examination thereon. Accordingly, the district court did not plainly err by allowing the testimony. <u>Id.</u>

Fisher next argues that the district court erroneously admitted cell phone records without proper authentication. Agent

Edwards's testimony—that his cell phone bill was his own and that Fisher's alleged cell phone bill reflected the calls placed to it during the investigation and operation—provided sufficient evidence to support a finding that the records in question were authentic. See FED. R. EVID. 901(a)(1); United States v. Wake, 948 F.2d 1422, 1434-35 (5th Cir. 1991). Once their authenticity was established, it was the province of the jury to determine the weight afforded to the records. See Wake, 948 F.2d at 1435. Accordingly, Fisher has not demonstrated that the district court plainly erred by admitting the cell phone records into evidence. See Calverley, 37 F.3d at 162-64.

Finally, Fisher argues that the cumulative effect of the district court's combined errors related to the admission of his address and the cell phone records was so prejudicial as to warrant reversal. The district court did not err in admitting the evidence. Accordingly, there is no cumulative error warranting reversal. See United States v. Bell, 367 F.3d 452, 471 (5th Cir. 2004).

AFFIRMED.