IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

**United States Court of Appeals
Fifth Circuit**

**F I L E D**

April 20, 2007

Charles R. Fulbruge III
Clerk

No. 06-20461
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PAULA JEAN FIELDS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CR-458-ALL
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Paula Jean Fields appeals following her guilty-plea convictions for being a felon in possession of a firearm (Count One) and for being a felon in possession of ammunition (Count Two), in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2).

Fields argues that her convictions on the above counts are multiplicitous and that they violate the constitutional guarantee against double jeopardy. She contends that her conviction for Count Two should be vacated and the case remanded to the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court with instructions to dismiss that count. The Government concedes the error and agrees that the conviction on Count Two should be vacated.

Simultaneous convictions and sentences for the same criminal act involving possession of a firearm and possession of ammunition violate double jeopardy. See United States v. Berry, 977 F.2d 915, 919 (5th Cir. 1992). Accordingly, we vacate Fields's conviction on Count Two and remand to the district court with instructions to dismiss that count. See Ball v. United States, 470 U.S. 856, 864-65 (1985). Fields's conviction on Count One is affirmed.

Fields argues that § 922(g)(1) is facially unconstitutional because it does not require a substantial affect on interstate commerce. She also contends that the mere fact that a firearm or ammunition traveled across state lines in the past is legally insufficient to satisfy § 922(g)(1)'s interstate commerce requirement. Fields acknowledges that these arguments are foreclosed by circuit precedent, but she raises them to preserve them for further review.

This court has repeatedly held that "'the constitutionality of § 922(g) is not open to question.'" United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001)(quoting United States v. DeLeon, 170 F.3d 494, 499 (5th Cir. 1999)). This court has also held that evidence that a weapon was manufactured in one state and possessed in another is sufficient to sustain a conviction under § 922(g). United States v. Pierson, 139 F.3d 501, 504 (5th Cir. 1998); United

States v. Rawls, 85 F.3d 240, 242-43 (5th Cir. 1996).  Accordingly,

Fields's arguments are foreclosed.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.