# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41710
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 12, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

> Plaintiff - Appellee

v.

GERONIMO SANCHEZ,

> Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:15-CR-433-1

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:*

Geronimo Sanchez was convicted of two counts of being a felon in possession of ammunition committed following a jury trial. He received a sentence of twenty-four months of imprisonment and three years of supervised release on each count, both to be served concurrently, as well as a $100 special assessment on each count (for a total of $200). He timely appealed. Sanchez's sole issue on appeal raises unpreserved Double Jeopardy Clause challenges to

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41710

his convictions and sentences for two counts of possession of ammunition on the same date.  Finding no plain error, we AFFIRM.

I.      Facts

When police officers responded to a crime in progress, they came into contact with Sanchez and another individual.  Officers put Sanchez in a patrol car and contacted the Bureau of Alcohol, Tobacco, and Firearm (ATF).  Sanchez told the ATF agent who responded that there was ammunition in the hall closet of his apartment.  A search of the apartment located a box of ammunition in that hall closet, as well as a single nine millimeter cartridge under the bed.  Sanchez's possession of all the ammunition found at the apartment was the basis for count one.

A different officer transported Sanchez from the crime scene to the apartment, and then to the Corpus Christi Police Department and found two cartridges of nine millimeter ammunition under the back seat of the patrol car after Sanchez exited that were not there before Sanchez was placed into the vehicle.  This ammunition matched the ammunition found under the bed but not the ammunition found in the hall closet.  Sanchez admitted that the ammunition belonged to him and that it fell out of his pocket.  Sanchez's possession of this ammunition was the basis for count two.

At trial, Sanchez testified that the ammunition found at the apartment belonged to his girlfriend's children.  He did not know how long the ammunition had been in the hall closet; he speculated that it could have been there for a few months or years, but he learned of its existence a few days before his arrest.  Sanchez found the two cartridges that were in his pocket on the ground near the back door of the apartment when he was leaving on the morning of his arrest. He admitted that he did not tell the ATF agent about the ammunition in his pocket.

No. 15-41710

II.     Discussion

For the first time, on appeal, Sanchez argues that his convictions and sentences for two counts of possession of ammunition by a felon on the same date violate the Double Jeopardy Clause.  He contends that because the indictment did not charge him with possession of ammunition on separate occasions, his convictions and sentences are multiplicitous.

Sanchez's claim that his convictions were multiplicitous had to have been raised in a pretrial motion and cannot be raised for the first time on appeal.  *United States v. Njoku*, 737 F.3d 55, 67 (5th Cir. 2013) (discussing a multiplicitous indictment); *United States v. Dixon*, 273 F.3d 636, 642 (5th Cir. 2001).  Because Sanchez did not challenge the indictment in a pretrial motion, he has waived the contention that his convictions are multiplicitous.  *See Njoku*, 737 F.3d at 67; *Dixon*, 273 F.3d at 642.

However, unpreserved challenges to multiplicitous sentences can be raised for the first time on appeal and are reviewed for plain error.  *Njoku*, 737 F.3d at 67; *Dixon*, 273 F.3d at 642.  To show plain error, Sanchez must show that the error was clear or obvious and affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, this court has the discretion to correct the error but only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  *Id.* (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

We have held that that multiple convictions and sentences[1] for violations of 18 U.S.C. § 922(g)(1) for the simultaneous possession of a firearm and

---

[1]   The Double Jeopardy Clause may be violated even in a case of concurrent sentences. *See Ball v. United States*, 470 U.S. 856, 864 (1985); *United States v. Ogba*, 526 F.3d 214, 237 (5th Cir. 2008).  "[S]entences with special assessments imposed for individual counts are not in fact 'concurrent,' no matter how small the special assessments." *Ogba*, 526 F.3d at 237;

3

ammunition violates the Double Jeopardy Clause. *See United States v. Meza*, 701 F.3d 411, 431–34 (5th Cir. 2012). In *Meza*, we found a double jeopardy violation where the defendant was convicted of possession of a firearm that was found in his shed and possession of two boxes of ammunition that were found in his house on the same date. *Id.* at 415, 431–34. Although the firearm and ammunition were found in two separate locations, the court found that the defendant's simultaneous possession of the firearm and ammunition was one single offense and his two convictions and sentences violated double jeopardy. *Id.* at 432–34. We noted that none of the witnesses testified that Meza had received or possessed the items on different dates, and the indictment had not alleged that Meza had possessed or received the items on separate occasions. *Id.* at 433; *see also United States v. Berry*, 977 F.2d 915, 919–20 (5th Cir. 1992) (concluding that a Double Jeopardy Clause violation occurred when the defendant was convicted of several counts based upon possession of ammunition and firearms discovered during a single search).

Our previous decisions rested on the policy underlying the statute: "The evil Congress sought to suppress by section 922 was the arming of felons; the section is based on the status of the offender and not the number of guns possessed." *Berry*, 977 F.2d at 919. In other words, Congress did not intend the simultaneous possession of firearms and ammunition, i.e., "one episode of possession of firearms and ammunition," to stand as separate offenses. *Id.* at 918–19.

If the record establishes that the defendant obtained the firearm and ammunition on different occasions, however, then the convictions and

---

*United States v. Kimbrough*, 69 F.3d 723, 729 (5th Cir. 1995); *Berry*, 977 F.2d at 920. Because Sanchez was ordered to pay a special assessment for each conviction, his sentences are not truly concurrent for double jeopardy purposes. *See Ogba*, 526 F.3d at 237; *Kimbrough*, 69 F.3d at 729; *Berry*, 977 F.2d at 920.

No. 15-41710

sentences do not violate the Double Jeopardy Clause. *See United States v. Everett*, 237 F.3d 631, 2000 WL 1701776, at *6 (5th Cir. 2000) (unpublished) (challenging two counts of being a felon in possession of a firearm in violation of § 922(g)(1)); *United States v. Harper*, 802 F.2d 115, 118–19 & n.4 (5th Cir. 1986) (challenging four counts of receiving or possessing firearms previously transported in interstate commerce, in violation of 18 U.S.C. § 1202(a)(1) as a double jeopardy violation). In *Everett*, the police found boxes of ammunition located in the bottom drawer of the defendant's chest of drawers on October 30 (count one), and the police had previously found loose ammunition located in the top drawer of the defendant's chest of drawers on October 23 (count two). *Everett*, 2000 WL 1701776, at *1, *6. The court held under plain error review that there was no double jeopardy violation because a permissible inference could be drawn based on trial evidence that the defendant received or obtained the ammunition on two separate occasions given that the boxes of ammunition were found in the same chest of drawers that had been searched days after the first search. *Id.* at *6–7. In *Harper*, the court held that there was no double jeopardy violation because the indictment charged and the evidence established that each count was based on possession of a different firearm received and possessed at different times. *Harper*, 802 F.2d at 118–19 & n.4.

The parties do not cite and we have not found a case with facts similar to the one at bar where the defendant's own testimony implicates possible possession on different occasions. In particular, Sanchez testified that his girlfriend took the ammunition found in the apartment from her children and that he did not know how long it had been in the hall closet. He also testified that he learned of the ammunition in the hall closet a few days earlier. He further testified that he found the ammunition in his pocket just outside of the back door of the apartment on the morning of his arrest and that it fell out of his pocket while he was in the patrol vehicle. These facts do not fit the existing

5

No. 15-41710

relevant cases such that the law is unclear whether a permissible inference of separate possessions can be drawn from the facts here.

Given this lack of clarity, it was not plain error for the district court to impose two sentences in this case. *See United States v. Ellis*, 564 F.3d 370, 377–78 (5th Cir. 2009) (concluding that the court did not need to decide whether there was an error because the lack of clarity in the law rendered any such error less than "plain"); *see also United States v. Fields*, 777 F.3d 799, 805 (5th Cir. 2015)("[I]f the law is unsettled within the circuit, any error cannot be plain."). Accordingly, we conclude that Sanchez has failed to establish the second prong necessary to prevail under plain error review such that we need not address the other prongs.

AFFIRMED.