# Matter of Ubaldo ORTEGA-QUEZADA, Respondent

*Decided July 28, 2022*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The respondent's conviction for unlawfully selling or otherwise disposing of a firearm or ammunition in violation of 18 U.S.C. § 922(d) (2018) does not render him removable as charged under section 237(a)(2)(C) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(C) (2018), because § 922(d) is categorically overbroad and indivisible relative to the definition of a firearms offense.

FOR THE RESPONDENT:  Pablo Rocha, Esquire, Harlingen, Texas

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Donald W. Cassidy, Associate Legal Advisor

BEFORE:  Board Panel:  GRANT, MULLANE, and MANN, Appellate Immigration Judges.

MULLANE, Appellate Immigration Judge:

In a decision dated February 3, 2021, an Immigration Judge found the respondent removable as charged and denied his application for cancellation of removal under section 240A(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229b(a) (2018).  The respondent, a native and citizen of Mexico, has appealed from that decision.  The Department of Homeland Security ("DHS") filed a brief opposing the appeal.  Thereafter, the Board requested supplemental briefing in this matter and both parties submitted briefs.  The respondent's appeal will be sustained and proceedings will be terminated.

The respondent challenges the Immigration Judge's determination that his conviction for unlawfully selling or otherwise disposing of a firearm or ammunition under 18 U.S.C. § 922(d) (2018) renders him removable under section 237(a)(2)(C) of the INA, 8 U.S.C. § 1227(a)(2)(C) (2018), for having been convicted of a firearms offense.  DHS has the burden to establish that the respondent is removable as charged.  8 C.F.R. § 1240.8(a) (2021).  Whether the respondent has been convicted of a firearms offense is a question of law the Board reviews de novo.  8 C.F.R. § 1003.1(d)(3)(ii) (2021).

Section 237(a)(2)(C) of the INA, 8 U.S.C. § 1227(a)(2)(C), provides as follows:

> Any alien who at any time after admission is convicted under any law of purchasing, selling, offering for sale, exchanging, using, owning, possessing, or carrying, or of attempting or conspiring to purchase, sell, offer for sale, exchange, use, own, possess, or carry, any weapon, part, or accessory which is a firearm or destructive device (as defined in section 921(a) of title 18, United States Code) in violation of any law is deportable.

Although this provision encompasses a wide variety of conduct, the statute "does not state that 'any type of firearm offense' is a basis for deportation." *Flores-Abarca v. Barr*, 937 F.3d 473, 480 (5th Cir. 2019). "Nor does the statute on its face reach 'the entire panoply of firearms offenses.'" *Id.* (citation omitted). Thus, to determine whether a particular conviction constitutes a firearms offense under section 237(a)(2)(C) of the INA, 8 U.S.C. § 1227(a)(2)(C), we apply the categorical approach, which means that we focus on the elements of the respondent's offense and the minimum conduct that has a realistic probability of being prosecuted under those elements, rather than on his actual conduct. *See Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013); *Flores-Abarca*, 937 F.3d at 481; *see also Borden v. United States*, 141 S. Ct. 1817, 1822 (2021) (emphasizing that under the categorical approach, "the facts of a given case are irrelevant," and the "focus is instead on whether the elements of the statute of conviction meet the federal standard").

The respondent was convicted in 2020 of violating 18 U.S.C. § 922(d), which provides in relevant part:

> It shall be unlawful for any person to sell or otherwise dispose of any firearm or ammunition to any person knowing or having reasonable cause to believe that such person [is included within one of nine categories of persons].

Applying the categorical approach, we conclude that the statute under which the respondent was convicted is overbroad relative to a firearms offense under section 237(a)(2)(C) of the INA, 8 U.S.C. § 1227(a)(2)(C), in two respects. First, the statute of conviction addresses conduct concerning a "firearm" or "ammunition." 18 U.S.C. § 922(d). An offense under section 237(a)(2)(C) must involve a "firearm" as defined in 18 U.S.C. § 921(a) (2018). "Ammunition" does not fall within this definition. *See* 18 U.S.C. § 921(a)(3) (defining "firearm"); *Simpson v. U.S. Att'y Gen.*, 7 F.4th 1046, 1054 (11th Cir. 2021) ("[A]mmunition does not constitute a firearm under § 921(a)(3) because ammunition is not a weapon which can expel a projectile.").

Second, the statute encompasses both "sell[ing]" and "otherwise dispos[ing] of" a firearm or ammunition. The phrase "otherwise dispose of" has been interpreted to mean "to transfer a firearm [or ammunition] so that

the transferee acquires possession of the firearm," including through gratuitous transfers that do not involve compensation. *United States v. Jefferson*, 334 F.3d 670, 674–75 (7th Cir. 2003); *see also United States v. Monteleone*, 77 F.3d 1086, 1092 (8th Cir. 1996) (holding that "disposal [of] occurs when a person 'comes into possession, control, or power of disposal of a firearm'" (quoting *Huddleston v. United States*, 415 U.S. 814, 823 (1974))); Pattern Crim. Jury Instr. 5th Cir. 2.43C (2019).

In contrast, section 237(a)(2)(C) of the INA, 8 U.S.C. § 1227(a)(2)(C), does not reach gratuitous transfers without compensation. Rather, it reaches only the purchase, sale, offer for sale, exchange, use, owning, possession, or carrying of a firearm. *See Flores-Abarca*, 937 F.3d at 480–83 (holding that a conviction for transporting a firearm is not a firearms offense because it does not fit within one of the statutorily enumerated offenses). Although similar to a transfer, an "exchange" involves the "giving or taking of a thing *in return for another*." *Exchange*, *Merriam-Webster*, www.merriam -webster.com/dictionary/exchange (emphasis added) (last visited July 28, 2022). Because an "exchange" does not include a gratuitous transfer, we conclude that the phrase "sell or otherwise dispose of" in § 922(d) is overbroad with respect to the acts constituting a firearms offense under section 237(a)(2)(C) of the INA, 8 U.S.C. § 1227(a)(2)(C). The DHS concedes that § 922(d) is overbroad in this regard.

Because the statute is overbroad, we must determine whether it is divisible. A statute is divisible if (a) it lists multiple discrete offenses as enumerated alternatives or defines a single offense by reference to disjunctive sets of "elements," more than one combination of which could support a conviction, and (b) some (but not all) of those listed offenses or combinations of disjunctive elements are a categorical match to the relevant generic standard. *Descamps v. United States*, 570 U.S. 254, 261–64 (2013). A statute is indivisible when it contains a single crime that can be completed by different statutory means. *See Mathis v. United States*, 579 U.S. 500, 512–13, 517–18 (2016) (analyzing an overbroad and indivisible Iowa burglary statute).

"'Elements' are the 'constituent parts' of a crime's legal definition—the things the 'prosecution must prove to sustain a conviction.'" *Id.* at 504 (citation omitted). "At a trial, they are what the jury must find beyond a reasonable doubt to convict the defendant; and at a plea hearing, they are what the defendant necessarily admits when he pleads guilty." *Id.* (citation omitted). Means, by contrast, are "[h]ow a given defendant actually perpetrated the crime." *Id.* at 509. They "need neither be found by a jury nor admitted by a defendant." *Id.* at 504. If the statutory alternatives are elements, the statute is divisible, and we apply the modified categorical approach, wherein we may "look[] to a limited class of documents . . . to

determine what crime, with what elements, a defendant was convicted of." *Id.* at 505–06. If they are means, the statute is indivisible, and our inquiry ends. *See id.* at 513; *Descamps*, 570 U.S. at 264–65.

In determining whether a statute contains crimes defined by distinct elements, we may look at a variety of factors, including the exact wording of the statute, whether there are different penalties for different violations, and issues of double jeopardy. *See Mathis*, 579 U.S. at 517–18; *Matter of P-B-B-*, 28 I&N Dec. 43, 48 (BIA 2020) ("[O]ffenses are considered separate and distinct for purposes of double jeopardy if they involve distinct '*elements*.'" (citation omitted)). We also compare the statute with other statutes having similar or identical wording. *See Matter of Laguerre*, 28 I&N Dec. 437, 444–45 (BIA 2022) (looking to a similarly-structured Pennsylvania drug statute in discerning the elements of a New Jersey drug statute).

Section 922(d) of title 18 of the United States Code does not specifically list multiple discrete offenses as enumerated alternatives. The statute does, however, refer to "any firearm or ammunition" and "sell or otherwise dispose of" with disjunctive phrasing. Disjunctive phrasing is not dispositive and merely triggers an inquiry into whether the alternatively phrased items are means or elements. *Mathis*, 579 U.S. at 505–06, 517; *see also Matter of Chairez*, 26 I&N Dec. 819, 822 (BIA 2016). Thus, we look to other factors to determine whether the statute references "elements" or "means."

DHS contends that we should examine whether the statute raises issues of double jeopardy, citing *Blockburger v. United States*, 284 U.S. 299, 304 (1932). DHS specifically asserts that the fact that each firearm and each grouping of ammunition can be charged separately shows they are not "means" but "elements" under the Double Jeopardy Clause. Double jeopardy issues are very significant. In determining divisibility based on the prohibition against double jeopardy, we look to whether a single act involving a firearm and ammunition can sustain multiple convictions, as this would demonstrate that the elements of the offense involving a firearm are different from the elements of the offense involving ammunition. *Cf. Matter of P-B-B-*, 28 I&N Dec. at 48 (noting that where a State can prosecute "as separate offenses a *single* act involving . . . *multiple* controlled substances," the statute is divisible by substance because "'the *elements* of proof required as to' an offense involving one drug 'are not the same as those essential' to proving an offense involving a different drug" (citation omitted)). Although we can identify no controlling case specifically addressing double jeopardy with respect to § 922(d), we note that § 922(g) contains the same reference to "any firearm or ammunition." Furthermore, § 922(g) has been evaluated by the United States Court of Appeals for the Fifth Circuit, the controlling circuit, in terms of double jeopardy.

The Fifth Circuit has concluded that multiple convictions and sentences under § 922(g) for possession of a firearm and ammunition during a single act violates double jeopardy.[1] *See United States v. Berry*, 977 F.2d 915, 919–20 (5th Cir. 1992); *see also United States v. Meza*, 701 F.3d 411, 431–33 (5th Cir. 2012) (holding that possession of multiple firearms and rounds of ammunition "premised on one episode" can support only one conviction and sentence under 18 U.S.C. § 922(g)(1) (citation omitted)). The court in *Berry* observed that "[t]he evil Congress sought to suppress by section 922 was the arming of felons." 977 F.2d at 919. Specifically, it noted that § 922 "is based on the status of the offender and not the number of guns possessed." *Id.* at 919. For that same reason, the court concluded that Congress did not intend "the simultaneous possession of ammunition to stand as a distinct unit of prosecution." *Id.* Thus, the Fifth Circuit's double jeopardy analysis of § 922(g) supports our conclusion that § 922(d) contains alternative means, rather than alternative elements.[2]

The penalty applied to firearm and ammunition violations of § 922(d) also suggests that these are different means of committing one offense, rather than different elements creating separate offenses. The Supreme Court of the United States has held that if statutory alternatives carry different

---

[1] The prohibition against double jeopardy only prevents multiple *convictions* and *punishments* for the same offense, and does not prohibit multiple *charges* of possession of a firearm and ammunition under § 922(g). *See United States v. Berry*, 977 F.2d 915, 920 (5th Cir. 1992). Likewise, double jeopardy does not apply if the prosecution can prove the offender possessed the firearm and ammunition at different times or stored them in different places. *See id.*; *see also United States v. Naidoo*, 995 F.3d 367, 380–81 (5th Cir. 2021) (per curiam). Contrary to DHS' argument, however, this does not demonstrate that "firearm" and "ammunition" are separate elements of either § 922(d) or (g).

[2] In contrast to § 922(d) and (g), the statutory structure of § 922(x) appears to treat handguns and ammunition as different elements. The statute states, in relevant part, as follows:

> (1) It shall be unlawful for a person to sell, deliver, or otherwise transfer to a person who the transferor knows or has reasonable cause to believe is a juvenile—
>     (A) a handgun; or
>     (B) ammunition that is suitable for use only in a handgun.
> (2) It shall be unlawful for any person who is a juvenile to knowingly possess—
>     (A) a handgun; or
>     (B) ammunition that is suitable for use only in a handgun.

18 U.S.C. § 922(x)(1)–(2). This differing structure suggests that Congress knew how to formulate a statutory provision making firearms and ammunition separate elements. *See generally INS v. Cardoza-Fonseca*, 480 U.S. 421, 432 (1987) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion and exclusion." (alteration in original) (citation omitted)).

punishments, then they must be different elements.  *Mathis*, 579 U.S. at 518; *Alleyne v. United States*, 570 U.S. 99, 111–12 (2013) (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)) (explaining that facts that increase the prescribed range of penalties to which a criminal defendant is exposed are elements of the crime and must be found beyond a reasonable doubt).  Under 18 U.S.C. § 924(a)(2), all violations of § 922(d) carry the same penalty, regardless of whether the offense involved a firearm or ammunition.  That § 924(a)(2) provides the same penalties for firearms and ammunition offenses under § 922(d) undermines DHS' argument.

The Fifth Circuit's model jury instructions are insufficient to persuade us that a jury must decide whether a defendant's offense involved a firearm or ammunition.  The model jury instructions state, with respect to § 922(d):

> For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:
> *First*:  That the defendant knowingly sold [disposed of] a firearm [ammunition] to _____ (*name of person receiving the firearm*);
> *Second*:  That at the time of the sale [disposal] to _____ (*name of person receiving the firearm*), he [she] was _____ (*identify prohibited category into which the person falls, e.g., a convicted felon*); and
> *Third*:  That at the time of the sale, the defendant knew or had reasonable cause to believe that _____ (*name of person receiving the firearm*) was _____ (*identify prohibited category into which the person falls, e.g., a convicted felon*).

Pattern Crim. Jury Instr. 5th Cir. 2.43C.

It appears that only the portions of the model jury instructions set out by parentheses require insertion of specific wording.  "Ammunition," by contrast, is not set out parenthetically but is set out (along with "she" and "disposed of") by brackets.  The three words or phrases set out by brackets appear to be simply alternatives to the words that precede them.  It does not appear that a jury would have to distinguish whether the words in brackets or the words that precede those bracketed words are the relevant factors.  For example, the jury would not have to agree that a defendant is a male or a female ("he" or "she").  In any event, we can discern nothing in the model jury instructions that would cause us to discard the other significant factors showing that the phrase "any firearm or ammunition" in § 922(d) articulates different means by which the same offense may be committed.

Finally, DHS concedes that § 922(d) is not divisible with respect to the phrase "sell or otherwise dispose of."  It nonetheless argues that under *Pereida v. Wilkinson*, 141 S. Ct. 754 (2021), the Board is permitted to refer to the respondent's conviction documents to determine if the respondent was convicted of acts that would constitute a firearms offense.  We are unpersuaded by this argument.  The Supreme Court's decision in *Pereida* involved a divisible statute and held that when the modified categorical

approach is applicable and a respondent is applying for relief from removal, he or she bears the burden of presenting evidence establishing that he or she was convicted under one of the subsections of the divisible statute that did not constitute a disqualifying crime. *See* 141 S. Ct. at 763, 767. In contrast, DHS bears the burden in this case to establish that the respondent is removable for having been convicted of a firearms offense under the INA. *See* 8 C.F.R. § 1240.8(a). Additionally, § 922(d) is not divisible. Thus, while the Board can look to the respondent's conviction documents to determine his statute of conviction (i.e., 18 U.S.C.§ 922(d)), it cannot—as DHS argues—look at the facts of the respondent's actual crime to determine whether his conviction involved the sale of a firearm. *See Pereida*, 141 S. Ct. at 762–65.

In sum, applying the categorical approach, we conclude that 18 U.S.C. § 922(d) is overbroad relative to section 237(a)(2)(C) and indivisible with respect to whether a violation of the statute involved a "firearm" or "ammunition," or "sell[ing]" or "otherwise dispos[ing] of" a firearm or ammunition. DHS therefore did not meet its burden of proving that the respondent has been convicted of a firearms offense within the meaning of section 237(a)(2)(C) of the INA, 8 U.S.C. § 1227(a)(2)(C). Because the respondent is not removable as charged, we will sustain the appeal and terminate the proceedings. *See Matter of Sanchez-Herbert*, 26 I&N Dec. 43, 45 (BIA 2012). Accordingly, we need not address the respondent's alternative argument that he qualifies for relief from removal. The respondent's appeal is sustained, the Immigration Judge's decision is vacated, and these proceedings are terminated.

**ORDER:** The respondent's appeal is sustained.

**FURTHER ORDER:** The Immigration Judge's decision is vacated, and the proceedings are terminated.