# United States Court of Appeals
# for the Fifth Circuit

———————

No. 23-30503
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

May 6, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Allen Gray,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:20-CR-84-2

———————————————————————

Before Barksdale, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Allen Gray received a within-Guidelines 180-months' sentence after pleading guilty to two counts of possession with the intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)–(D); two counts of possession of firearms in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and two counts of being a

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).

Gray presents two issues regarding his convictions and one regarding his sentence. For the former, he asserts: those under § 922(g)(1) violate the Second Amendment in the light of *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 17 (2022) (announcing rule for assessing whether statute infringes Second Amendment); and those relating to the possession of a firearm (felon in possession and possession in furtherance of drug-trafficking crime) violate the Double Jeopardy Clause. For the latter, he asserts: his sentence is substantively unreasonable because it is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a).

Because Gray did not preserve any of these issues in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Gray must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted). He fails to show the requisite clear-or-obvious error for each of the three issues.

Gray's contention that his § 922(g)(1) convictions are unconstitutional in the light of *Bruen* is foreclosed by *United States v. Jones*, 88 F.4th 571, 573–74 (5th Cir. 2023), *cert. denied*, No. 23-6769, 2024 WL 1143799 (U.S. 18 Mar. 2024). (He raises the issue to preserve it for possible further review.)

His contention that the court violated his double-jeopardy rights by imposing multiple sentences based on the same firearm is, likewise,

foreclosed. *See United States v. Berry*, 977 F.2d 915, 919 (5th Cir. 1992) (concluding "use or carrying of a firearm during a drug-trafficking offense" is "obviously is a crime Congress treated as separate and apart from the threat posed by a felon in possession of a firearm").

Regarding the sentence, the court considered Gray's mitigation assertions, the record, and the 18 U.S.C. § 3553(a) sentencing factors before concluding a sentence at the bottom of the advisory Sentencing Guidelines range was appropriate. As noted, Gray fails to show the requisite clear-or-obvious error in his presumptively reasonable, within-Guidelines sentence. *See, e.g.*, *United States v. Kearby*, 943 F.3d 969, 978–79 (5th Cir. 2019) ("Under [plain-error] (or any) standard, [defendant] doesn't overcome the rebuttable presumption of reasonableness of a within-guideline sentence like his." (citation omitted)).

AFFIRMED.