**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**November 15, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-51336
Summary Calendar
_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

ROY LEE BOLTON, also known as "Little" Roy Bolton

Defendant - Appellant

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-03-CR-222-ALL-SS
---------------------

Before KING, Chief Judge, and HIGGINBOTHAM and PRADO, Circuit
Judges.

PER CURIAM:[*]

Roy Lee Bolton appeals his sentence following his guilty
plea conviction for being a felon in possession of ammunition in
violation of 18 U.S.C. § 922(g)(1). Bolton argues that the
district court erred in determining that his offense level should
be increased pursuant to U.S.S.G. § 2K2.1(c)(1) on the ground
that he possessed the ammunition in connection with the
commission of a robbery.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Presentence Report (PSR) determined that Bolton committed the robbery at issue and consequently, under U.S.S.G. 2K2.1(c)(1), applied the cross reference to the applicable robbery guidelines to determine Bolton's base offense level. Bolton objected; the district court overruled the objection and adopted the factual findings and recommendations of the PSR in its entirety in its Statement of Reasons. However, at Bolton's sentencing hearing, in overruling Bolton's objection to the sentence enhancement, the district court declined to determine whether Bolton had committed the robbery.

In the absence of a clear finding by the district court that the ammunition possessed by Bolton was connected to the commission of a robbery, there is no justification for the cross reference to U.S.S.G. § 2X1.1. See U.S.S.G. § 2K2.1(c)(1).

We remand to the district court for such further findings as may be warranted and, if required, resentencing.

REMANDED. Jurisdiction is not retained.