United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 12, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-40896
Summary Calendar

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

WAYNE EDWARD HANDY,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
No. 6:04-CR-00091
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Wayne Edward Handy appeals his conviction for being a felon in possession of a firearm. He argues that the district court erred when it denied his motion to suppress the evidence. Handy's challenge to each circumstance on which the district court based its decision and his reliance on United States v. Jaquez, 421 F.3d 338 (5th Cir. 2005), are unavailing.

The dispatcher in the instant case gave the officers a specific address and told them that it was reported that four black males had shot at the address. Once they arrived at that address,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

they obtained more information to suspect criminal activity. Namely, they saw several people leaving the address and Handy, who is black, and his girlfriend parked in a car at the address, appearing to duck and hide. Once they talked to Handy, they observed him reach for his pocket, act as though he was going to flee, and act nervously. Under the totality of these circumstances, when the officers questioned Handy, they had articulable facts to support a reasonable suspicion that criminal activity was afoot. See Terry v. Ohio, 392 U.S. 1, 19-20(1968); Goodson v. City of Corpus Christi, 202 F.3d 730, 736 (5th Cir. 2000); United States v. Ibarra-Sanchez, 199 F.3d 753, 759 n.5 (5th Cir. 1999). Thus, the district court did not err when it denied Handy's motion to suppress the evidence.

AFFIRMED.