# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 10, 2012

No. 10-40899

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WAYNE EDWARD HANDY,

Defendant - Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:04-CR-91

Before WIENER, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Wayne Edward Handy appeals the sentence he received after he was re-sentenced on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). We REMAND for the district court to determine whether the firearm possessed by Handy facilitated, or had the potential to facilitate, his cocaine possession, as required for the application of the sentencing enhancement that Handy received under U.S.S.G. § 2K2.1(b)(6) and for resentencing, if necessary.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 10-40899

I.

A jury convicted Handy of being a felon in possession of a handgun (Count One) and ammunition (Count Two). The district court sentenced Handy to 120 months' imprisonment on each count, to run concurrently, and three years of supervised release. We affirmed. *United States v. Handy*, 222 F. App'x 414, 415 (5th Cir. 2007) (unpublished) (district court properly denied Handy's motion to suppress).

Handy filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Adopting the magistrate judge's recommendation, the district court concluded that Handy's counsel was ineffective for failing to object to Handy being charged with two counts of violation of 18 U.S.C. § 922(g), which prohibits felons from possessing a firearm or ammunition. Counsel's failure to object was deficient because of our holding in *United States v. Berry*, 977 F.2d 915, 919 (5th Cir. 1992), that § 922(g) does not permit the simultaneous possession of a firearm and ammunition to be charged as two separate offenses. The district court granted relief "to the extent that a new Judgment will be entered . . . on only one count, with the remaining count dismissed." *Handy v. United States*, 6:07-CV-300, 2008 WL 4612909, at *1 (E.D. Tex. Oct. 16, 2008).

At Handy's initial resentencing hearing, the district court granted Handy's request for a revised presentence report (PSR). The district court later stated that Handy was "probably not entitled to [the court's] ordering another Presentence Report," but that it asked the probation department to prepare a new PSR "[o]ut of an abundance of just fairness, just equity[;] it had been a number of years since this had happened."

In preparing the revised PSR, the probation department used the November 1, 2009 edition of the Sentencing Guidelines. The PSR assigned Handy a base offense level of 20. It then assigned a four-level increase pursuant to U.S.S.G. § 2K2.1(b)(5) because Handy possessed a firearm "in connection with

No. 10-40899

another felony offense"—here, the possession of 2.5 grams of cocaine base that he had at the time of his arrest.[1] According to the PSR, Handy's arrest occurred when officers arrived at a residence in reference to a possible shooting. The officers observed several individuals walking away from the scene. The officers spotted Handy and another individual in a vehicle parked in the driveway, apparently ducking down to avoid detection. As an officer approached the vehicle, Handy exited from the passenger side door. The PSR also indicates that Handy was previously convicted of, *inter alia*, evading arrest in 1993, 1995, and 1998, and of fleeing in 1995.

Based on a total offense level of 24 and Handy's extensive criminal history, the PSR calculated a Guidelines range of 100 to 120 months. The district court adopted the PSR's Guidelines recommendation and resentenced Handy to 120 months' imprisonment and three years of supervised release, and dismissed Count Two. This appeal timely followed.

## II.

Because Handy was re-sentenced after the Supreme Court rendered the Sentencing Guidelines advisory in *United States v. Booker*, 543 U.S. 220 (2005), we review his sentence "for reasonableness under an abuse-of-discretion standard." *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009) (citing *Gall v. United States*, 552 U.S. 38, 46 (2007)). Under *Gall*, this review proceeds in two stages. First, we must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range." 552 U.S. at 51. If the sentence is procedurally sound, we review the sentence for substantive reasonableness.

---

[1] Under the 2009 Sentencing Guidelines, the PSR should have cited § 2K2.1(b)(6) instead of § 2K2.1(b)(5), which was the correct subsection at the time of Handy's original sentencing in January 2006. Section 2K2.1(b)(5) was recodified in 2006 as § 2K2.1(b)(6), which contains identical language as the former § 2K2.1(b)(5): that the defendant "[u]sed or possessed any firearm or ammunition in connection with another felony offense."

No. 10-40899

*Id.* We review the district court's application of the Sentence Guidelines *de novo* and its factual findings for clear error. *United States v. Cantu-Ramirez*, 669 F.3d 619, 628 (5th Cir. 2012). "There is no clear error if the district court's finding is plausible in light of the record as a whole." *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). We apply a presumption of reasonableness to within-Guidelines sentences. *United States v. Ochoa*, 667 F.3d 643, 651 (5th Cir. 2012).

Handy argues that the district court procedurally erred in overruling his objection to his four-level enhancement under § 2K2.1(b)(6). He argues that the enhancement was improper under *United States v. Jeffries*, 587 F.3d 690 (5th Cir. 2009). We held in *Jeffries* that drug-*possession* felonies, as opposed to drug-*trafficking* felonies,[2] can trigger § 2K2.1(b)(6) only if the district court makes an affirmative finding that "the firearm facilitated or had the potential to facilitate the drug possession." *Id.* at 694. Here, the relevant offense was Handy's possession of cocaine, so he argues that the district court violated *Jeffries* by imposing the § 2K2.1(b)(6) enhancement without making the finding it requires.

Handy is correct that *Jeffries* requires a finding that Handy's possession of the firearm "facilitated or had the potential to facilitate" his cocaine possession. 587 F.3d at 694. The proper remedy in this case is to remand for the district court to make this finding and for resentencing, if necessary. *See United States v. Bolton*, 112 F. App'x 372 (5th Cir. 2004) (per curiam) (unpublished) (remanding "for such further findings as may be warranted and, if required, resentencing").

We acknowledge that *Jeffries* vacated and remanded for resentencing, *id.* at 695, but it did so based on a substantially different set of facts. The defendant

---

[2] For drug trafficking offenses, the enhancement automatically applies if a defendant's firearm is found in close proximity to drugs, drug manufacturing materials, or drug paraphernalia. *Id.* at 692.

in *Jeffries* had a gun with him in his car when he was stopped and arrested. *Id.* at 691. A subsequent search turned up a single rock of crack cocaine on the floor behind the driver's seat. *Id.* The defendant denied it was his, claiming that his girlfriend, who was riding with him in the car, must have put it there without his knowledge. *Id.* We described this record as "devoid of evidence that would support any finding that Mr. Jeffries's possession of the firearm 'facilitated' his possession of cocaine" because "[a]t best, the Government has shown only that Mr. Jeffries possessed cocaine and a firearm at the same time." *Id.* at 693. Based on the record, we concluded that the application of the § 2K2.1(b)(6) enhancement was improper, and vacated and remanded. *Id.* at 695. We explained that the "district court here made no finding of facilitation, *nor do we find such a finding plausible in light of the record as a whole.*" *Id.* at 694–95 (emphasis added). In contrast to *Jeffries*, the instant record is not devoid of evidence that could support a finding of facilitation (or the potential to facilitate). Certainly such a finding is not implausible in this case. *See id.*

Next, Handy argues that the § 2K2.1(b)(6) enhancement was improper under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because a jury did not finding that he possessed the cocaine. But this contention misapprehends *Apprendi*, which held only that a jury must decide any fact, other than a prior conviction, "that increases the penalty for a crime *beyond the prescribed statutory maximum.*" *Id.* at 490 (emphasis added). Handy's sentence did not exceed the statutory maximum for his felon-in-possession conviction, so *Apprendi* does not apply.

Handy's brief also includes a laundry list of additional arguments, including: that his counsel was constitutionally ineffective in sundry respects; that his sentence was substantively unreasonable; that the district court committed reversible error by failing to consider Handy's mitigating evidence to downwardly depart from the Guidelines; and that his sentencing hearing denied

No. 10-40899

him due process.  Some of Handy's arguments are rather confusing, but we have considered each argument that we are able to comprehend, and we conclude that they are meritless.

### III.

For the foregoing reasons, we REMAND for the district court to enter a finding as to whether Handy's possession of the firearm "facilitated or had the potential to facilitate" his cocaine possession, *Jeffries*, 587 F.3d at 694, and for resentencing, if necessary.

Handy's motion for judicial notice is DENIED as moot in light of this court's order granting him the right to proceed *pro se*.  Handy's motion to correct or modify the record is DENIED.