## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40249

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

WAYNE EDWARD HANDY,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
U.S.D.C. No. 6:04-cr-91-1

United States Court of Appeals
Fifth Circuit

**FILED**
February 20, 2014

Lyle W. Cayce
Clerk

Before STEWART, Chief Judge, and GARZA and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Defendant Wayne Edward Handy appeals the district court's order on remand clarifying its previous ruling and declining resentencing. We affirm.

**I.**

Wayne Edward Handy was charged with being a felon in possession of a handgun (Count One) and ammunition (Count Two). A jury found him guilty, and the district court sentenced Handy to 120 months' imprisonment on each

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40249

count, to run concurrently, and three years of supervised release.  We affirmed. *United States v. Handy*, 222 F. App'x 414, 415 (5th Cir. 2007).

Handy then filed a 28 U.S.C. § 2255 motion.  *See Handy v. United States*, No. 6:07-CV-300, 2008 WL 4612909, at *1 (E.D. Tex. Oct. 16, 2008).  The district court concluded that Handy's counsel was ineffective for failing to object to Handy being charged with two counts under 18 U.S.C. § 922(g), in light of *United States v. Berry*, 977 F.2d 915, 919-20 (5th Cir. 1992), which held that § 922(g) does not permit the simultaneous possession of a firearm and ammunition to be charged as two separate offenses.  *See United States v. Handy*, 485 F. App'x 677, 678 (5th Cir. 2012).  The district court granted relief "to the extent that a new Judgment will be entered . . . on only one count, with the remaining count dismissed."  *Handy*, 2008 WL 4612909, at *1.

At resentencing, the district court granted Handy's request for a revised presentence report ("PSR").  *See Handy*, 485 F. App'x at 678.  The probation officer assigned Handy a base offense level of 20.  *Id*.  He then assigned a four-level increase pursuant to U.S.S.G. § 2K2.1(b)(6) because Handy possessed a firearm "in connection with another felony offense," namely "the possession of 2.5 grams of cocaine base" at the time of his arrest.  *Id*. (internal quotation marks omitted).  Handy's lawyer filed objections to the revised PSR, including a challenge to the four-level enhancement for Handy's possession of cocaine base.  Handy, pro se, also submitted objections and a sentencing memorandum asking for a downward variance.

At sentencing, Handy, pro se, argued that counsel was ineffective because he had not filed the objections to the revised PSR that Handy had asked him to file.  The district court denied Handy's request for new counsel. The district court nevertheless permitted Handy to file pro se objections to the revised PSR as an exhibit.  The district court also permitted Handy to argue, pro se, that under *United States v. Jeffries*, 587 F.3d 690, 692 (5th Cir. 2009),

2

No. 13-40249

the U.S.S.G. § 2K2.1(b)(6) enhancement did not apply to him because he merely possessed the drugs and there was no evidence of drug trafficking.

The district court overruled Handy's objection based on *Jeffries*, as well as his other objections. The district court stated that the revised PSR contained "sufficient indicia of reliability to support its probable accuracy," and accepted "the truth of the facts stated in the report by a preponderance of the evidence." In accordance with the revised PSR's guidelines recommendation, the district court resentenced Handy within the guidelines range to 120 months of imprisonment and dismissed Count Two.

Handy timely appealed, arguing that the district court procedurally erred in overruling his objection to the four-level enhancement under U.S.S.G. § 2K2.1(b)(6) and that the enhancement was improper under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See Handy*, 485 F. App'x at 679-80. Handy also argued that: (1) his trial counsel was constitutionally ineffective; (2) his sentence was substantively unreasonable; (3) the district court committed reversible error by failing to consider mitigating evidence to vary downwardly from the guidelines range; and, (4) his sentencing hearing denied him due process. *See id.* at 680. Additionally, Handy filed a Motion for Judicial Notice, asking the district court to recognize him as pro se, and a Motion to Correct or Modify the Record on the basis that the transcripts of the resentencing hearings are inaccurate.

We remanded the case in light of our holding in *Jeffries*, 587 F.3d at 690. *Handy*, 485 F. App'x at 680. In *Jeffries*, we held that drug-possession felonies, as opposed to drug-trafficking felonies, can trigger U.S.S.G. § 2K2.1(b)(6) only if the district court makes an affirmative finding that "the firearm facilitated or had the potential to facilitate the drug possession." *Jeffries*, 587 F.3d at 694. In accordance with *Jeffries*, we instructed the district court "to enter a finding as to whether Handy's possession of the firearm facilitated or had the potential

3

to facilitate his cocaine possession" and to resentence Handy, "if necessary." *Handy*, 485 F. App'x at 680 (internal quotation marks and citation omitted). Additionally, we rejected Handy's *Apprendi* argument and found his remaining arguments to be without merit as well. *Id.* Finally, we denied Handy's motion for judicial notice as moot in light of our order granting him the right to proceed pro se and we also denied his motion to correct or modify the record. *Id.*

On remand, the district court stated in a written order that Paragraph 11 of the revised PSR provided the factual predicate for the U.S.S.G. § 2K2.1(b)(6) enhancement and quoted it as follows:

> On April 6, 2004, officers with the Tyler Police Department were dispatched to a residence located at 608 West Vance in reference to a possible shooting. Upon arrival at the scene, officers noticed several individuals who appeared to be walking away from the area. A vehicle parked in the driveway of the residence was occupied by two individuals who appeared to be ducking down to avoid detection. An officer approached the vehicle, and the defendant, Wayne Edward Handy (Handy) exited the vehicle from the passenger side door. Officers advised Handy of the reason for their presence, and asked Handy if he was in possession of a firearm. Handy then stated that he was in possession of a firearm which was located in his back pocket. Handy was placed in custody for officer safety, and a loaded Lorcin .380 semi-automatic handgun was removed from his right rear pants pocket. A search of Handy's person revealed a plastic bag containing 2.52 grams of cocaine base, and a pill bottle containing several tablets of Trazodone, a controlled substance. A criminal history check revealed that Handy was a convicted felon. Handy was placed under arrest for Possession of Cocaine, Possession of a Dangerous Drug, and Felon in Possession of a Firearm and transported to the Smith County Jail.[1]

The district court clarified that it found that Handy possessed a firearm in connection with another felony offense. The district court also found that

---

[1] PSR ¶ 11.

No. 13-40249

"[Handy's] possession of the firearm facilitated, or had the potential of facilitating his possession of cocaine base" based on the following facts:  (1) shots were fired in the area shortly before police arrived on the scene; (2) Handy attempted to avoid detection; (3) both the firearm and the drugs were found on Handy's person, in close proximity to one another; and, (4) as Handy was sitting in his vehicle, the gun was in his back pocket, readily accessible to facilitate his possession of the drugs if the need arose.  The district court further noted that Handy did not object to the facts in the revised PSR and found that a resentencing was unnecessary.  The district court denied as moot Handy's motion for a revised PSR, as well as his motion for a downward departure.  Handy timely appeals herein.

## II.

### a. Additional sentencing hearing

Handy argues on appeal that the district court failed to follow this court's mandate when it adopted "another part of the PSR" without giving him an opportunity to object and without having a hearing.  He further contends that the revised PSR lacks sufficient indicia of reliability regarding whether the firearm facilitated his cocaine base possession because the trial testimony did not establish that shots were fired, was equivocal as to whether Handy attempted to hide from police, and failed to reflect where the gun was when Handy was sitting in the vehicle.  He argues that a sentencing hearing was required to resolve this issue and to allow him the opportunity to object to the district court's factual predicate for the enhancement.  We disagree.

"[T]he mandate rule compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court." *United States v. Lee*, 358 F.3d 315, 321 (5th Cir. 2004) (citation omitted).  Additionally, "the rule bars litigation of issues decided by the district court but foregone on appeal or otherwise waived, for

example because they were not raised in the district court." *Id.* We did not order the district court to conduct a sentencing hearing on remand; we instructed the district court to resentence Handy "if necessary." *See Handy*, 485 F. App'x at 680. Insofar as the district court determined that Handy's sentence should remain undisturbed, a resentencing hearing was not necessary, and the district court did not fail to obey this court's mandate. *See Lee*, 358 F.3d at 321.

Moreover, we have stated that the district court must be given deference to determine whether a hearing is needed on a particular sentencing issue. *United States v. Henderson*, 19 F.3d 917, 927 (5th Cir. 1994). We have also noted, however, that when a hearing is necessary to protect a convicted defendant's due process rights, the failure to hold a hearing is an abuse of discretion. *Id.*

"Generally, a PSR bears sufficient indicia of reliability to permit the sentencing court to rely on it at sentencing. The defendant bears the burden of demonstrating that the PSR is inaccurate; in the absence of rebuttal evidence, the sentencing court may properly rely on the PSR and adopt it." *United States v. Ollison*, 555 F.3d 152, 164 (5th Cir. 2009) (internal quotation marks omitted) (citing *United States v. Ayala*, 47 F.3d 688, 690 (5th Cir. 1995)).

Here, in its order on remand, the district court merely adopted Paragraph 11 of the revised PSR clarifying that it served as the factual predicate for its application of the sentencing enhancement under U.S.S.G. § 2K2.1(b)(6). At the initial resentencing hearing, Handy had the opportunity - but did not object - to the facts set forth in Paragraph 11 of the revised PSR. Accordingly, we find that the district court did not err in relying on and adopting Paragraph 11 on remand. *Ollison*, 555 F.3d at 164. Further, we find that the district court did not abuse its discretion in declining to hold a third sentencing hearing to afford Handy yet another opportunity to object to the

No. 13-40249

same facts set forth in Paragraph 11. *Henderson*, 19 F.3d at 927. Accordingly, we see no error in the district court's clarified ruling adopting Paragraph 11 of the revised PSR to serve as the factual predicate for enhancement under U.S.S.G. § 2K2.1(b)(6).

> *b. Denial of motion for downward departure and sentencing memorandum*

Handy also argues that the district court erred when it denied his request for a downward variance from the guidelines range of imprisonment. This argument, however, was previously addressed and rejected by this court, *Handy*, 485 F. App'x at 680, and, therefore, falls outside the scope of this court's remand. *See Lee*, 358 F.3d at 320-21.[2]

## III.

In light of the foregoing, the district court's modified judgment on remand against Defendant Wayne Edward Handy is **AFFIRMED**. All pending motions are **DENIED**.

---

[2] Handy has also filed a motion with this court seeking permission to file a supplemental reply brief discussing the implications of *Alleyne v. United States*, 133 S. Ct. 2151, 2163 (2013), asserting that *Alleyne* supports his arguments under *Apprendi*. As Handy's arguments under *Apprendi* were previously addressed and rejected by this court, *Handy*, 485 F. App'x at 680, Handy's motion falls outside the scope of this court's remand and we therefore deny the motion.