# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-10969

United States Court of Appeals
Fifth Circuit

**FILED**

October 4, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

   Plaintiff - Appellee

v.

DAVID VINCENT LEDESMA,

   Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CR-71-1

Before JOLLY, ELROD, and WILLETT, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:*

  Defendant-Appellant David Vincent Ledesma appeals his forty-six-month sentence for possession of a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). Ledesma argues that the district court erred by applying a four-level enhancement for possessing a firearm in connection with a drug offense. U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 2K2.1(b)(6)(B) (U.S. Sentencing Comm'n 2017). Because the record does not support a finding that

---

  * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10969

the firearm facilitated Ledesma's drug possession, we VACATE the sentence and REMAND for re-sentencing.

## I.

On October 27, 2016, Dallas Police Department officers were assisting with an immigration investigation at a building that housed an illegal game room upstairs. The game room had been the location of several arrests for drugs, guns, stolen vehicles, and parole and probation violations. The officers informed the owner of the building of the problems they had experienced with the game room, and he invited them to accompany him upstairs to the room. A man who was standing at the bottom of the stairs saw the officers approaching and immediately ran up the stairs. Officers chased the man upstairs, where they encountered Ledesma. An officer performed a pat-down and found a loaded .9-millimeter handgun in Ledesma's right pants pocket. A second officer performed a search incident to arrest and found .23 grams of methamphetamine and a methamphetamine pipe in his left pants pocket. Ledesma was initially arrested on state charges for unlawful possession of a firearm by a felon and possession of a controlled substance. He was later indicted by a federal grand jury for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).

Ledesma pled guilty and, according to the Presentence Investigation Report (PSR), his base offense level was fourteen. Because he possessed a firearm in connection with another felony offense, a four-level increase pursuant to U.S.S.G. § 2K2.1(b)(6)(B) applied. After accounting for a three-level reduction for acceptance of responsibility, the PSR calculated Ledesma's total offense level as fifteen. Based on Ledesma's criminal history category of VI, his guideline sentencing range was determined to be forty-one to fifty-one months.

No. 17-10969

During the sentencing hearing, the Government called the arresting officer, who testified that based on his knowledge of prior illegal activity at the game room and the manager's identification of Ledesma as a security employee, that Ledesma was protecting illegal activity, including drug trafficking. The officer further testified that he believed Ledesma's possession of the gun was done for two purposes: protecting his own drugs and protecting the illegal game room. The officer, however, did not search the game room for drugs and admitted that there was no evidence that Ledesma was selling drugs or was aware that drugs were sold in the game room.

Ledesma objected to the four-point enhancement on the basis that he possessed the firearm for a reason wholly unrelated to his drug possession—he was working security for the game room. The district court overruled Ledesma's objection, finding:

> [T]hat the Government has established through the testimony of the witness as well as the content of the presentence report and the addendum that the weapon facilitated or at least had the potential to facilitate the possession of the methamphetamine.

> This is an enhancement that is based upon circumstantial evidence, but in the Court's experience mere users of drugs such as methamphetamine do not have weapons closely associated with the methamphetamine and the glass pipe; therefore, there is some purpose for having the weapon in the same pant pocket as the methamphetamine and the glass pipe, which I find in this case at least had the potential to facilitate the drug possession if, in fact, it did not facilitate the drug possession.

The district court sentenced Ledesma to forty-six months of imprisonment, a sentence in the middle of the guidelines range.

## II.

We review a sentencing determination under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). An error in applying

No. 17-10969

the Sentencing Guidelines is a "significant procedural error" that constitutes an abuse of discretion. *Id.* When we assess an alleged procedural error, a district court's application of a sentencing enhancement "is a factual finding reviewed for clear error." *United States v. King*, 773 F.3d 48, 52 (5th Cir. 2014) (quoting *United States v. Ruiz*, 621 F.3d 390, 396 (5th Cir. 2010) (per curiam)). "A factual finding is not clearly erroneous if it is plausible, considering the record as a whole." *Id.* (quoting *Ruiz*, 621 F.3d at 396). "A factual finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Castillo*, 430 F.3d 230, 238 (5th Cir. 2005) (quoting *United States v. Cooper*, 274 F.3d 230, 238 (5th Cir. 2001)). Reasonable inferences drawn by the district court are also findings of fact reviewed for clear error. *King*, 773 F.3d at 52 (quoting *United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006)).

## III.

Ledesma argues that the district court erred in applying the four-level enhancement because there was no evidence that possession of the firearm furthered his drug possession crime. The United States argues that the close proximity of the firearm to the drugs, the setting, and the surrounding circumstances supported the district court's application of the enhancement.

A four-level sentencing enhancement applies to a defendant convicted of being a felon in possession of a firearm when the defendant "used or possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). Application of the enhancement depends on the type of felony offense alleged. If the offense involves drug trafficking, § 2K2.1(b)(6)(B) applies automatically if "a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia." § 2K2.1(b)(6)(B)

4

cmt. n.14(B)(ii).[1]  For all felonies that are not drug trafficking or burglary, § 2K2.1(b)(6)(B) applies only if "the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense."  *Id.* cmt. n.14(A).

As the Government concedes, the district court applied the § 2K2.1(b)(6)(B) enhancement based on the felony offense of possessing methamphetamine, not drug trafficking.  In *United States v. Jeffries*, we held that "when the 'other offense' is possession only of a 'user' quantity of drugs and no evidence is presented that the defendant is a trafficker, the evidence (under a preponderance of the evidence standard) must support a finding that the firearm facilitated or had the potential to facilitate the drug possession" for § 2K2.1(b)(6)(B) to apply.  587 F.3d 690, 694 (5th Cir. 2009) (citing *United States v. Blankenship*, 552 F.3d 703, 705 (8th Cir. 2009)).  In that case, the defendant was arrested after taking a gun from a man in a violent altercation.  The district court applied the enhancement because the gun was located on the driver's seat of his vehicle and a single rock of crack cocaine was found on the floor behind the driver's seat.  *Id.* at 691.  At sentencing, the Government introduced evidence that Jeffries had sole possession of the car, to support the inference that the cocaine belonged to him, and evidence that he had possession of the gun in his car before the fight began.  *Id.* at 691–92.  The district court overruled Jeffries's objection to the enhancement without explanation.  *Id.* at 692.  We reversed, finding that "[t]he record [was] devoid of evidence that would support any finding that Mr. Jeffries's possession of the firearm 'facilitated' his possession of cocaine."  *Id.* at 693.  Nor was "such a finding plausible in light of the record as a whole."  *Id.* at 695.  "At best, the

---

[1] Section 2K2.1(b)(6)(B) also applies automatically if the defendant "during the course of a burglary, finds and takes a firearm."  *Id.* cmt. n.14(B)(i).

No. 17-10969

Government [had] shown only that Mr. Jeffries possessed cocaine and a firearm at the same time." *Id.* at 693.

The evidence on the record in this case does not support the district court's finding that Ledesma's possession of a firearm facilitated his drug possession. The district court's reasoning for applying the enhancement appears to be contradictory. The court reasoned that mere users of methamphetamine do not have weapons near their drugs and that there must be some other purpose for having the weapon and drugs in close proximity.[2] But the district court did not ultimately find, nor does the Government argue, that Ledesma was engaged in drug trafficking. Thus, the district court appears merely to have presumed that there was a nexus between Ledesma's drug and gun possession. There was no other finding that Ledesma's "possession of a gun 'emboldened' him to engage in the crime of [drug] possession, or that it served to 'protect' such a small amount of drugs." *Jeffries*, 587 F.3d at 695 (internal citations omitted). The only record evidence of such activities was the arresting officer's testimony that he believed Ledesma possessed the gun for the purpose of protecting his drugs while present at the illegal game room frequented by criminals. But, on cross-examination, the officer admitted that he did not know if Ledesma was aware of the illegal activity that took place at the game room. Furthermore, the district court failed to consider Ledesma's stated reason for possessing a firearm that night—he was working security. Thus, the district court's finding that Ledesma's possession of the gun facilitated his drug possession was based only on evidence of simultaneous possession; that alone, however, is insufficient for the enhancement to apply.

---

[2] The district court also incorrectly stated that the firearm, methamphetamine, and glass pipe were in the same pocket of Ledesma's pants. The record shows that the gun was found in Ledesma's right front pants pocket and the drugs and pipe were found in his left front pants pocket.

No. 17-10969

*See id.* ("[T]he evidence . . . must be something more than the simultaneous possession of a small quantity of drugs and a gun in the same vehicle standing alone . . . .").

The Government argues that we, and other circuits, have affirmed applications of § 2K2.1(b)(6)(B) in similar circumstances. In *United States v. Handy*, the district court found possession of a firearm facilitated possession of a user amount of cocaine when "(1) shots were fired in the area shortly before police arrived on the scene; (2) Handy attempted to avoid detection; (3) both the firearm and the drugs were found on Handy's person, in close proximity to one another; and, (4) as Handy was sitting in his vehicle, the gun was in his back pocket, readily accessible to facilitate his possession of the drugs if the need arose." 555 F. App'x 440, 443 (5th Cir. 2014) (unpublished).[3] But, on appeal, Handy only argued that the district court erred in adopting part of the PSR without providing him a new sentencing hearing and denying his motion for a downward departure. We did not address whether application of the enhancement was proper.[4] *Id.* at 443–45. Thus, *Handy* is not relevant to our analysis. In *United States v. Jenkins*, the Fourth Circuit applied the enhancement to a defendant who "took [a] revolver and cocaine onto a public street, near where a gun had recently been fired, close to midnight." 566 F.3d 160, 164 (4th Cir. 2009). In *Jeffries*, we cited *Jenkins* favorably for the proposition that § 2K2.1(b)(6)(B) may be applied when possession of a gun "emboldened" drug possession or "served to 'protect' such a small amount of

---

[3] The Government acknowledges that this unpublished decision lacks precedential value. *See* 5TH CIR. R. 47.5.4.

[4] That question was addressed in Handy's first appeal and we remanded the case for the district court to enter a finding as to facilitation, which it did by adopting a portion of the PSR in a written order. *Id.* at 442–43; *see United States v. Handy*, 485 F. App'x 677, 680 (5th Cir. 2012) (unpublished).

7

drugs." *Jeffries*, 587 F.3d at 695 (citing *Jenkins*, 566 F.3d at 164).[5]  Unlike in *Jenkins*, however, Ledesma did not possess the firearm and drugs in a location where a shooting had recently occurred.  We are therefore guided by our analysis in *Jeffries* that merely possessing a gun and a user amount of drugs together in public does not establish the requisite nexus required to find facilitation of another felony.

## IV.

We conclude that the district court erred in applying a four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6)(B) where the record did not support a finding that Ledesma's possession of a firearm facilitated his possession of a user amount of methamphetamine.  Because misapplication of the sentence guidelines constitutes a significant procedural error, we VACATE the district court's sentence and REMAND for re-sentencing in a manner not inconsistent with this opinion.

---

[5] The other case cited favorably in *Jeffries* and by the Government in its response brief, *United States v. Smith*, found that the defendant was not emboldened when he simultaneously possessed drugs and firearms in his home.  535 F.3d 883, 886 (8th Cir. 2006).